UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PATRICIA G. JOYCE,

       Plaintiff,

v.                                CASE NO.  3:18-cv-1521-J-34JBT

THE UNITED STATES,

       Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, which the Court construes as a Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion") (Doc. 4).  For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the IFP Motion be **DENIED** and the case be **DISMISSED**.

In its prior Order (Doc. 7), the Court took the IFP Motion under advisement and stated that Plaintiff's Complaint (Doc. 1) was deficient in numerous respects and largely incomprehensible.  Specifically, it appeared that Plaintiff was

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  *Id.*  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

attempting to assert a claim regarding funds owed to her by the United States, and a claim involving a trade secret, but the Complaint contained no factual allegations to support either such claim.  (Doc. 7 at 4.)  For example, Plaintiff's "Statement of the Claim" section was devoid of any factual allegations and only stated "The United States has failed to deliver either thru [sic] mistake or fraud on Promise agreement [sic] dated July 22, 1931.   Jus ad Rem is in continuous misappropriation."  (Doc. 1 at 2.)  Therefore, Plaintiff was ordered to "file a proper amended complaint in compliance with [the prior] Order" on or before February 19, 2019.  (Doc. 7 at 4–5.)  Plaintiff was cautioned that if she failed to "file a proper amended complaint as directed in [the prior] Order, the undersigned will likely recommend that the District Judge deny the IFP Motion and dismiss this case." (*Id.* at 4.)

To date, Plaintiff has not filed an amended complaint or taken any other action regarding this case.  For this reason, and the reasons stated in the prior Order, the undersigned recommends that this case be dismissed for Plaintiff's failure to state a claim on which relief may be granted and failure to prosecute.

Accordingly, it is respectfully **RECOMMENDED** that:

1.      The IFP Motion (**Doc. 4**) be **DENIED**.

2.      The case be **DISMISSED**.

3.      The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on February 27, 2019.

JOEL B. TOOMEY
United States Magistrate Judge


Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Pro Se Plaintiff